**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ESTHER KLEIN, on behalf of himself and all others similarly situated,

           Plaintiff,

                  -against-

ARS NATIONAL SERVICES INC.,

           Defendant.

---

Civil Action Number:

**CIVIL  ACTION**

**CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

---

Plaintiff ESTHER KLEIN ("Plaintiff"), a New York resident, bring this class action complaint by and through her attorneys, Varacalli & Hamra, LLP, against Defendant ARS NATIONAL SERVICES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1.      Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.      Plaintiff is seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6.    At all relevant times, Defendant conducted business within the State of New York.

## **PARTIES**

7.    Plaintiff is an individual who is a citizen of the State of New York.

8.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.    On information and belief, Defendant is a corporation with a principal place of business in Escondido, CA.

10.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## **CLASS ALLEGATIONS**

13.    Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 11, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the CAPITAL ONE BANK ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.

- The Class period begins one year to the filing of this Action.

14.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to

suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS SPECIFIC TO ESTHER KLEIN

15.     Defendant alleges Plaintiff owes a debt ("the debt").

16.     The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     The debt was incurred on a credit card.

18.     The debt was incurred on a credit card issued by Creditor.

19.     Sometime after the incurrence of the debt Plaintiff allegedly fell behind on payments owed.

20.     Thereafter, the debt was then assigned or otherwise transferred to Defendant for collection.

21.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated August 11, 2017. ("**Exhibit A**.")

22.     The letter states "Capital One has determined your account currently meets its requirements for referral to an attorney for possible legal action. It is our goal to help you avoid this possibility. We want to help you find a resolution for the above-referenced account. Below are just two of many payment options available."

23.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## Count I
## Violation of 15 U.S.C. § 1692e(5).
## False or Misleading Representations as to the Rights of the Consumer

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

27.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

28.     15 U.S.C. § 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

29.     15 U.S.C. §1692e(10) states that the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

30.     Defendant threatened legal action when Creditor was not intending to undertake such action at the time the threat was made.

31.     Defendant misled the Plaintiff into believing that only with their assistance is it possible to avoid legal action.

32.     Defendant misled the consumer into believing that if the case would be forwarded to an attorney for legal action, they would no longer have the opportunity to settle the debt at a lower amount.

33.     Defendant's statement that "Capital One has determined your account currently meets its requirements for referral to an attorney for possible legal action. It is our goal to help you avoid this possibility. We want to help you find a resolution for the above-referenced account," is a threat to take legal action, as perceived by the least sophisticated consumer

34.     Creditor at the time the letter was sent out had no intent of pursuing legal action.

35.     Debt collector had no authority to make that statement, and that statement was false.

36.     Specifically, the least sophisticated consumer is likely to perceive Defendant's statement as a threat to take its collection efforts to the next level, specifically, forwarding same to an attorney.

37.     The least sophisticated consumer would believe that since the account is not

being reviewed for an attorney referral, but rather already meets the requirements for an attorney referral, it could be turned over to an attorney at any moment.

38. The least sophisticated consumer would believe that since the account is not being reviewed for an attorney referral, but rather already meets the requirements for an attorney referral, that the debt meets all legal requirements for a filing of a lawsuit, something Defendant has no knowledge of.

39. Considering the amount of Plaintiff's alleged debt is only "1,113.30," Defendant is not in the practice of employing such "additional collection efforts."

40. Said statement was merely a collection ploy to urge the least sophisticated to make immediate payment on the alleged debt in violation of the FDCPA.

41. Furthermore, immediately after the letter states that this account meets the requirements for referral to an attorney, it goes on to say "It is our goal to help you avoid this possibility. We want to help you find a resolution for the above-referenced account. Below are just two of many payment options available."

42. The statement quoted in paragraph 41 of this complaint was intentionally used to deceive the least sophisticated consumer into believing that if this account gets referred to an attorney for legal action, then the consumer will lose the opportunity to settle this debt for less than the full balance.

43. That statement is false, because even if creditor pursues legal action, the consumer would still be able to negotiate or settle this claim at that point.

44. Furthermore, the statement that reads "It is our goal to help you avoid this possibility" is false and deceptive.

45. Defendant's goal is not to help the consumer avoid legal action, but rather it is to get the consumer to pay back this alleged debt.

46. The language falsely implies that the debt collection agency is on the Plaintiffs side, which is not true, the collection company is an agent for Capital One and not the Plaintiff.

47.    The least sophisticated consumer could believe if they do not settle now, they will not have the option to settle after legal action has commenced since it is offered as an opportunity to avoid legal action.

48.    The least sophisticated consumer may believe that the consumer has to accept a settlement term immediately or the consumer will lose the opportunity to settle.

49.    The least sophisticated consumer would likely be deceived by Defendant's communications to Plaintiff.

50.    The least sophisticated consumer would likely be deceived in a material way by Defendant's communications to Plaintiff.

51.    Such a statement is entirely unfounded, misleading and deceitful in violation of 15 U.S.C. § 1692e(5), 15 U.S.C. §1692e(10), and is the very kind of abusive debt collection practice that the FDCPA was designed to eradicate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

a.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Jaclene Troisi, Esq., as Class Counsel;

b.    Awarding Plaintiff and the Class statutory damages;

c.    Awarding Plaintiff and the Class actual damages;

d.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e.    Awarding pre-judgment interest and post-judgment interest; and

f.    Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g.    Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: August 07, 2018

Respectfully submitted,

By: /s/ *Jaclene Troisi*

Jaclene Troisi, Esq.
Varacalli & Hamra, LLP
*Attorneys for Plaintiff*
32 Broadway, Suite 1818
New York, New York 10004
(646) 590-0571

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests

a trial by jury on all issues so triable.


Dated: August 07, 2018

Respectfully Submitted,
By: <u>/s/ *Jaclene Troisi*</u>
Jaclene Troisi, Esq.